RULEY, JUDGE:
The claimant seeks damages in the sum of $115,000.00 for the alleged wrongful death of Cecil C. Brumfield which occurred on August 6, 1975. On June 16, 1975, Mr. Brumfield, then aged 77 years, was admitted as a patient to Huntington State Hospital. He had been a patient there on one previous occasion, in 1967. Without going into needlessly embarrassing detail, the evidence demonstrated clearly that his condition both mental and physical, from the time of his admission until his demise, was poor. At about 1:30 a.m. on June 22, 1975, he provoked an altercation with another patient but apparently sustained no noticeable injury. On July 30, 1975, he fell while walking in a hallway. He was examined promptly after that fall by Vermald N. Constantino, M.D., a staff physician who, incident to physical examination, ordered x-rays of the hips which were interpreted as negative by both Dr. Constantino and G. M. Tolley, M.D., a radiologist on the staff of Cabell Huntington Hospital.
On August 3, 1975, the claimant and his wife, who are the daughter and son-in-law of the decedent, visited him at Huntington State Hospital and were understandably upset and distressed by the radical change in his physical appearance and condition. Following their visit, additional x-rays were taken which were interpreted as showing a “slightly displaced fracture involving the neck of the right femur”. Mr. Brumfield was transferred to Cabell Huntington Hospital on August 4, 1975, and expired there two days later.
*125 Numerous allegations of misconduct on the part of the respondent are made, but, in sum, they assert that Mr. Brum-field’s death was caused by negligence of the respondent in failing to provide proper care for him and, in particular, in failing to transfer him to Cabell Huntington Hospital on July 30, 1975. In fact, the decedent’s daughter testified that if he had been “put in the hospital the night he fell, July 30th” there would have been no claim.
To make an award in this case, the Court v/ould be obliged to conclude that it has been shown by a preponderance of the evidence that the respondent was guilty of negligence which proximately caused the death of Mr. Brumfield. It is urged that the Court should reach that conclusion solely upon the evidence of the decedent’s physical condition on and after August 3, 1975. We cannot agree. To do so would require speculation (in the absence of any direct evidence whatever, it might be added) and, of course, this Court should not and cannot base decisions on speculation. In that connection, Irvin M. Sopher, M.D., Chief Medical Examiner of the State of West Virginia, who performed an autopsy upon the decedent’s body, expressed the opinion that the decedent “died as a result of pneumonia and apparent cardiac failure complicating a fracture of the right hip” and added that the pattern of bodily injuries which he had noted in his report was not sufficiently specific to allow conclusions to be drawn regarding their etiology or cause.
Claim disallowed.