RULEY, JUDGE:
In early June, 1979, the claimant was driving his 1967 Plymouth automobile in a westerly direction on Interstate Route 64. At about 4:00 p.m., while crossing a bridge in Kanawha County, he hit a piece of steel, causing damage to the car’s rear fender. He was traveling at approximately 40 miles per hour, having slowed because vehicles ahead were slowing. The claimant seeks to recover the amount of damage to his vehicle.
It is the claimant’s contention that the loose piece of steel which damaged his vehicle was part of an expansion joint on the bridge. However, neither he nor the passenger with him returned to the place of the accident to examine either the piece of steel or the bridge, nor did they testify in detail respecting it.
A witness for the respondent, Mr. John Cavender, testified positively to the contrary of that contention. Employed by the Department of Highways as a superintendent, he traveled over the bridge in question in both directions every day during the month of June. He saw no damage whatsoever to the bridge, or, in particular, to the expansion joints of the bridge, and stated that the only maintenance done to the bridge during June was routine care of the highway, including picking up pieces of metal dropped by large trucks.
To make an award in this case, the Court would have to conclude that not only was the offending piece of steel a part of the bridge, rendering it defective, but also that the respondent had actual or constructive knowledge of the defect and a reasonable amount of time to take suitable corrective action. Davis v. Dept. of Highways, 11 Ct. Cl. 150 (1979). To do this would require speculation on the part of the Court, and the Court cannot and should not base its *236 decisions on speculation. Arthur, Admr. v. Dept. of Mental Health, 12 Ct.Cl. 124 (1978). Accordingly, the claim must be denied.
Claim disallowed.