GRACEY, JUDGE:
Claimants Esta M. Adkins brought this action as Administratrix of the Estate of Cecil Adkins, Jr., her husband, who dies in a single-vehicle accident on August 26, 1976.
The accident in which claimant's decedent died occurred on Mud River Road, also known as Little Seven Mile Road. The road is designated as Local Service Route 19 and is located near Huntington, in Cabell County. The vehicle involved in the incident was a 1968 Plymouth automobile owned by claimant and/or the decedent. The evidence is not clear as to whether Cecil Adkins, Jr. or the other individual in the vehicle, Ernest Ball, was operating the vehicle. The *17 vehicle went over an embankment, whereupon it struck an exposed gas line owned by Cumberland Gas Company. The gas line apparently ruptured and ignited with the flames engulfing the interior of the vehicle. Cecil Adkins, Jr. and Ernest Ball were burned beyond recognition and died.
Claimant alleges that the failure of respondent to properly mark this section of Mud River Road, where there was no berm and where an embankment was at the edge of the paved portion of the road, constituted negligence which was the proximate cause of the death of claimant's decedent. Claimant alleges damages in the amount of $500,000.00.
The evidence revealed the following facts. Claimant's decedent, Cecil Adkins, Jr., and a coworker, Ernest Ball, were employees of Tri-State Materials Corporation. Mr. Adkins was the pilot of a tugboat for the corporation. On the day of this accident, Adkins left his home in Huntington, West Virginia, at approximately 5:20 a.m. to go to work in Lesage, West Virginia. He picked up Ernest Ball, and the two of them intended to pick up another coworker, Sam Chapman, who lived on Mud River Road approximately one mile from the site of the accident. Claimant was unfamiliar with this road having last been in the area approximately five or six years previous to 1976. At the scene of the accident there was a section of road which was subject to slide conditions. The ground adjacent to the edge of the pavement had continuously broken away until the edge of the pavement was at the break of the slide area. There was no berm. Weeds had grown up at the edge of the pavement and extended above the pavement approximately eighteen inches. In an attempt to remedy the slide problem, the respondent had widened the road on the left side of the orad by grading along a hillside. This widened portion of the road was also paved. The stretch of road before this particular area was curved and on an upward grade. There were three signs on the stretch of road previous to the side area. One of the signs was a "ONE LANE ROAD AHEAD" sign, one was a reverse curve sign, and one was a 45 mile-per-hour speed limit sign. There was also a small barricade sign before the curve in which the slide was located. There is no evidence as to actual barricade signs or warning paddles at the point of the slide area. A charred paddle was found beneath the vehicle, but it is now known if the paddle was in place at the time of the incident. The Adkins vehicle, for reasons unknown, went off the paved portion of road at the slide area. The gas line which was exposed was struck by the vehicle and ruptured, resulting in the death of the two men.
On the date of the accident, respondent's employee, Ralph Aills, the sign shop supervisor for District Two, was assigned the task of reviewing the signs on Local Service Route 19 at the accident scene. He filed a report which is in evidence in this claim. His report contained a diagram of the signs and the relationship of the signs with the accident site. The first three signs were fairly close together. The first sign is the "One Lane Road Ahead" sign; next is the reverse curve sign; then a 45 mile-per-hour speed limit sign. Approximately 226 feet further towards the accident scene was a small orange and white barricade paddle located at the beginning of the curve and approximately 300 to 500 feet from the slide area. The paved portion of road was 20 to 22 feet wide in the curve where the slide was located. As described previously, the road has been carved out of the hillside on the left side.
*18 It is the opinion of the Court that the respondent fulfilled its duty to • maintain the road in the area of the slide by widening the road for the travelling public. There was also evidence that the respondent has placed barricade paddles at the side area although the evidence is unclear as to whether a barricade paddle was present at the time of this accident.
The reason the driver of the vehicle proceed off of the travel portion of the road is unknown. This Court will not resort to speculation. See: Arthur vs. Dept. of Mental Health, 12 Ct.Cl. 124 (1978), and Charles vs. Dept. of Highways, CC-83-356, (Dec. 12, 1986).
The Court is not unmindful of the tragedy which occurred, nor of the inherent impulse for compassion. However, the Court, for the reasons stated above, is of the opinion to, and does, deny this claim.
Claim disallowed.